UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
L.E.B. ELECTRIC LTD.,

                Plaintiff,

   -against-

KINETICS INDUSTRIES INC.,

               Defendant.

------------------------------------------------------------------X

Docket No.: 2:21-cv-07009

**ANSWER TO SUMMONS WITH NOTICE**

Defendant, Kinetics Industries, Inc., ("Kinetics") i/s/h/a Kinetics Industries Inc., by and through its attorneys Haworth Barber & Gerstman, LLC, as for its Answer to Plaintiff's Summons with Notice dated October 27, 2021, respectfully states and alleges:

1. Deny each and every allegation set forth in plaintiff's Summons with Notice.

**AFFIRMATIVE DEFENSES**

Pursuant to F.R.C.P. 8(c), Kinetics Industries, Inc. asserts the following affirmative defenses to plaintiff's Summons with Notice:

**FIRST AFFIRMATIVE DEFENSE**

Upon information and belief, plaintiff has not suffered any actual injury or damages for which they may be compensated.

**SECOND AFFIRMATIVE DEFENSE**

The negligence, fault, or carelessness of plaintiff, to the extent plaintiff was capable of same, was the sole, intervening, superseding, or contributory or comparative cause of plaintiff's alleged damages and therefore, any recovery against defendant is barred or reduced to the extent shown by further discovery.

## THIRD AFFIRMATIVE DEFENSE

The negligence, fault, or carelessness of other parties, persons or entities over which defendant had no control caused or contributed to plaintiff's alleged damages and, therefore, any recovery against defendant is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

## FOURTH AFFIRMATIVE DEFENSE

Any alleged defect in the product or equipment described in plaintiff's Summons with Notice developed as a result of unforeseeable misuse, improper application, and failure to heed instructions and warnings, contrary to the supervision, training, warnings, instructions and control of defendant, and therefore, any recovery against defendant is barred to the extent shown by further discovery.

## FIFTH AFFIRMATIVE DEFENSE

All acts of defendant regarding the ownership, maintenance, testing, labeling and service of the product or equipment at issue described in plaintiff's Summons with Notice were in conformity with the applicable manufacturers' instructions and directives and, therefore, any recovery against defendant is barred to the extent shown by further discovery.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries plaintiff may have sustained were caused in whole or in part by contributory negligence and/or culpable conduct of the plaintiff, to the extent plaintiff was capable of same, with no contributory negligence and/or culpable conduct on the part of defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff and/or other parties and/or non-parties to preserve evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that other parties, whether named or unnamed in the Summons with Notice, and whether known or presently unknown to defendant, were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, defendant requests that in the event any party recovers against defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties. Defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

**NINTH AFFIRMATIVE DEFENSE**

The accident alleged in the Summons with Notice resulted from circumstances and conditions beyond the control of defendant.

**TENTH AFFIRMATIVE DEFENSE**

Defendant fully performed all of its duties and obligations arising out of any and all agreements and/or contracts and under the common law.

**ELEVENTH AFFIRMATIVE DEFENSE**

In so much as the Summons with Notice does not describe the alleged underlying claims with sufficient particularity to enable defendant to determine all of its legal, contractual, and equitable rights; defendant reserves the right to amend and supplement the averments of its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery.

**TWELFTH AFFIRMATIVE DEFENSE**

Any state law claims are preempted by federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable to plaintiff by operation of the doctrines of Intervening and/or Superseding Cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Summons with Notice fails to allege a cause of action upon which relief can be granted as against Kinetics Industries, Inc., i/s/h/a Kinetics Industries Inc.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Summons with Notice is barred by the doctrine of spoliation of evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

One or more of plaintiff's causes of action are time-barred pursuant to the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the subject product was manufactured or sold by defendant, plaintiff's claims are barred because the product was substantially altered after it left defendant's possession and control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because plaintiff did not rely on such warranty(ies), if any.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery and hereby reserve the right to amend its Answer to plead said defenses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant will also rely on all defenses that may become available during discovery or trial.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to assert additional defenses as the claims of plaintiff becomes more fully disclosed during the course this action.

Dated: New York, New York
January 28, 2022

        HAWORTH BARBER & GERSTMAN, LLC

        /s/ Chauncey Gibson
        Chauncey Gibson (CG-6005)
        80 Broadway, 24th Floor
        New York, New York 10004
        Telephone: (212) 952-1100
        Facsimile: (212) 952-1110
        Chauncey.Gibson@hbandglaw.com
        Attorneys for Defendant
        Kinetics Industries, Inc., i/s/h/a
        Kinetics Industries Inc.

TO: *All counsel of record via ECF and E-Mail*